UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INTEGON INDEMNITY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25 CV 903 JMB |
| ) | |
| ANTHONY DALY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Integon Indemnity Corporation's Motion to Redact Name of Litigant and to Allow Litigant to Proceed under a Pseudonym (Doc. 4). Plaintiff docketed the filing as a Motion for Leave to File Under Seal and proceeded to file a sealed memorandum in support of its motion to redact. For the reasons set forth below, the Court will deny Plaintiff's request to use a pseudonym on behalf of a named defendant. To the extent Plaintiff seeks leave to file the supporting memorandum under seal, the Court notes that Plaintiff has failed to comply with Local Rule 13.05(A). As such, leave to file under seal shall be denied and the Court will direct the Clerk of Court to unseal the supporting memorandum.

This insurance coverage dispute arises from an underlying state court matter in which Defendant Anthony Daly asserts personal injury claims against Defendant Eddie Smajic arising from a physical altercation that occurred between the two (Docs. 1, 1.1). In its motion, Plaintiff requests that Defendant Daly be able to proceed in this litigation under a pseudonym, as he has been granted leave to do so in the underlying state court proceedings.

Pursuant to the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties," Fed. R. Civ. P. 10(a), and "[a]n action must be prosecuted in the name of the real

party in interest," Fed. R. Civ. P. 17(a).  "Federal courts disfavor use of fictitious names in legal proceedings."  <u>Cajune v. Indep. Sch. Dist. 194</u>, 105 F.4th 1070, 1076 (8th Cir. 2024) (citation omitted).  "[A] party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure."  <u>Id.</u> at 1077.  The Court's decision to allow a party to use a pseudonym is discretionary.  <u>Id.</u> at 1078.  Factors a court should consider include whether the party seeking anonymity is challenging government activity; whether the party's identification threatens to reveal information of a sensitive and highly personal nature; whether the party would be required, absent anonymity, to admit an intention to engage in illegal conduct; and whether the party's identification would result in danger of retaliation.  <u>Id.</u> at 1077.  The inquiry is a balancing one, however, and a court should also consider factors that weigh against anonymity, including whether there exist alternative mechanisms that could protect the confidentiality of the litigants.  <u>Id.</u> (citation omitted).

In its motion, Plaintiff states that Defendant Daly was granted leave by the state court to proceed in that action under a pseudonym, and that the basis for seeking anonymity was the chance that the underlying litigation might "reveal information of a sensitive and highly personal nature." (Doc. 4 at 1-2).  Upon review of the relevant state court documents, it appears Defendant Daly moved for leave to use a pseudonym on the grounds that he was the victim of a crime, and that no party would suffer prejudice since the defendants could determine his identity though communications with his attorney, to the extent they were not already aware of his identity.  The state court summarily granted the motion.

Having considered Plaintiff's request, the grounds for Defendant Daly's motion in state court, and the relevant factors, the Court finds that the use of a pseudonym is not warranted at this stage in this matter.  The Court will deny the motion without prejudice, however, and Plaintiff or

Defendant Daly may file a renewed motion if they wish to provide additional, more detailed argument for the use of a pseudonym in federal court.  In addition, should there later arise a specific concern regarding the revealing of information of a sensitive and highly personal nature, the parties may seek an appropriate protective order pursuant to Federal Rule of Civil Procedure 26.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to file under seal is **DENIED**.  The Clerk of Court Shall unseal Plaintiff's Sealed Memorandum (Doc. 5), effective the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Redact Name of Litigant and to Allow Litigant to Proceed under a Pseudonym (Doc. 4) is **DENIED** without prejudice.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of July, 2025.